## C. R. Channon v. The State.

### No. 9244.   Delivered October 7, 1925.

**1.—Incest—Confession of Accused—Properly Admitted.**

Where a confession of accused is offered in evidence by the state, and that portion which relates to other offenses, and matters not relevant, is upon objection by appellant excluded, no error is shown in the admission of the other portions of such confession, which were germane to the case.

**2.—Same—Evidence—When Excluded—No Error Presented.**

Where questions are asked a witness by counsel for state, and objections offered by appellant are sustained, and the answers excluded, if error is committed in the mere asking of the questions, they are not such errors, generally, as would warrant the reversal of a case.

**3.—Same—Remarks of County Attorney—Harmless, if Error.**

Where the county attorney remarked casually in the hearing of the jury, that he had no objection to letting the jury have all the confession, and appellant objecting to the remark, his objection was sustained, and the jury instructed to disregard it, is not of sufficient importance to authorize a reversal of the case.

**4.—Same—Requested Charge—Properly Refused.**

Where on a trial for incest, appellant requested a charge that a confession cannot be corroborated by accomplice testimony, and that the accomplice testimony cannot be corroborated by the confession, said charge was not a correct statement of the law, and the court having correctly charged the law applicable to the corroboration necessary of the testimony of an accomplice, no error is presented in the refusal of such charge.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction of incest; penalty, five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of McLennan County for the offense of incest and his punishment assessed at confinement in the penitentiary for a term of five years.

The facts show from the standpoint of the State, that the prosecuting witness is the nineteen-year-old daughter of the appellant and they are entirely sufficient to show from her standpoint that the incestuous act was done with her consent.

By a bill of exceptions appellant complains at the court's action in permitting the introduction of the purported confession of the defendant; the ground of the objection being that if the entire istrument was not admissible, none of it was. The court qualifies this bill by stating that when the entire confession was offered by the State, defendant objected for the reason that said confession contained statements .of other offenses and matters not relevant and the court sustained defendant's objection and only admitted such portions of the confession as seemed proper. This testimony was clearly admissible. The portion introduced in evidence by the State pertains solely to the act of intercourse charged in the indictment and the appellant certainly cannot complain at the court, on appellant's objection, excluding portions of the confession which he did not deem relevant and germane to the case on trial.

Neither is there merit in appellant's contention that the court erred in permitting the State to introduce that part of his confession wherein he made a statement concerning an act of intercourse had with the prosecuting witness at the time her mother was up at Abbot. The record discloses that this is the very act described in the indictment.

Complaint is also made at the action of the county attorney in asking the appellant about other acts of intercourse. The record discloses that these objections were each sustained and we are not prepared to hold that the mere asking of the questions were within themselves sufficient to authorize a reversal.

Complaint is also made at the action of the county attorney in stating before the jury that he had no objection to letting the jury have all of the confession; the court sustained appellant's objection to this

statement of the county attorney and instructed the jury not to consider it, and besides, the bill clearly shows that the remark was merely casually made by the county attorney and was certainly not of sufficient importance to authorize this court to reverse the case.

The appellant complains at the court's action in refusing to give his special charge which was to the effect that the prosecutrix is an accomplice and that her uncorroborated testimony will not support a conviction, and that a confession cannot be corroborated by accomplice testimony and that accomplice testimony cannot be corroborated by the confession and unless the jury should find other testimony than that of the confession and accomplice that they should acquit the defendant. It is proper to say that the court gave a charge on accomplice testimony which was in no manner excepted to by the appellant. This charge so given protected every right the appellant had with reference to a charge on accomplice testimony, and the special charge above mentioned was not a correct statement of the law and was properly refused.

We have carefully considered each of appellant's complaints and have reached the conclusion that no error is shown by either of them, and the facts being entirely sufficient to support the verdict, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.